UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **CLETUS FRANKLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No.   3:18-cv-00221 |
| v. | ) | REEVES/GUYTON |
| | ) | |
| **ANTHONY HILL and JOHN DOES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED** and Plaintiff will have twenty days to return service packets for all Defendants.

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] is **GRANTED**.

Because Plaintiff is an inmate in the Morgan County Correctional Complex ("MCCX"), he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where

he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of MCCX and to the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prisoner Litigation Reform Act ("PLRA") relating to payment of the filing fee. The Clerk is also **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Also, the Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for all Defendants. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4.

Plaintiff is **NOTIFIED** that if he fails to return the completed service packets within the time required, this action will be **DISMISSED** for want of prosecution and/or failure to follow Court orders.

Defendants shall answer or otherwise respond to the complaint and within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his

or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**E N T E R :**

_____/s/ Pamela L. Reeves_____
**UNITED STATES DISTRICT JUDGE**