UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CLETUS FRANKLIN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | No. 3:18-CV-00221 |
| v. | ) | REEVES/GUYTON |
| ANTHONY HILL and JOHN DOES, | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

This is a pro se prisoner's complaint filed under 42 U.S.C. § 1983. Now before the Court is Defendant Hill's motion to dismiss for failure to state a claim and/or for summary judgment [Doc. 11]. Plaintiff has not filed a response to Defendant's motion, and the time for doing so has passed. [Doc. 15 (granting Plaintiff's motion for extension of time to file a response to the motion for summary judgment and providing Plaintiff with up to and including November 1, 2018, to do so)]. As such, Plaintiff has waived any opposition thereto. E.D. Tenn. L.R. 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd* 577 F.2d 740 (6th Cir. 1978). For the reasons set forth below, the motion to dismiss and/or for summary judgment [Doc. 11] will be **GRANTED** and this action will be **DISMISSED**.

## I. STANDARD OF REVIEW[1]

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary

---

[1] As Defendant Hill relies on matters outside of the pleadings, the Court will apply the summary judgment standard to his motion.

judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). "'Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.'" *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (quoting *Mazur v. Young*, 507, F.3d 1013, 1016 (6th Cir. 2007)).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). In order to successfully oppose a motion for summary judgment, a party "'must set forth specific facts showing that there is a genuine issue for trial'" and "'may not rest upon the mere allegations or denials of his pleading.'" *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

## II. ANALYSIS

The Prison Litigation Reform Act ("PLRA") specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, the prisoner plaintiff must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

The Court agrees with Defendants that it is apparent from the face of Plaintiff's complaint that Plaintiff did not properly exhaust the claims therein, as his grievance was filed more than two

months after the incident underlying in the complaint in violation of TDOC policy [Doc. 2 p. 6–8].[2] Further, Plaintiff's assertion that Defendants have failed to establish that his grievance did not comply with TDOC policy [Doc. 31 p. 3–8] is without merit, as the response to the grievance filed with the complaint establishes that the grievance did not comply with TDOC policy [Doc. 2 p. 7].

Plaintiff's allegation that he "made repeated requests for grievance forms, which were ignored by the CO's that were on duty for weeks" could, however, create a genuine issue of material fact regarding whether the grievance process was "available" to Plaintiff if it were admissible. *Ross v. Blake*, 136 S. Ct. 1850, 1858–60 (2016) (providing that a prisoner must only exhaust those grievance procedures that are "available" to him and that an administrative procedure is "unavailable" where administrators prevent prisoners from taking advantage of it, among other things). All of Plaintiff's filings with the Court asserting that the grievance process was unavailable to him due to officers ignoring his requests for grievance forms [Docs. 30–32] are unsworn, however, and therefore cannot be considered for purposes of summary judgment. *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements when ruling on a motion for summary judgment). Moreover, nothing in Plaintiff's sworn complaint, which carries the same weight as an affidavit for purposes of summary judgment, *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008), supports the assertion that the grievance process was unavailable to Plaintiff.

---

[2] While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints," a complaint that sets forth allegations which, taken as true, establish that the plaintiff is not entitled to relief is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007).

In other words, had Plaintiff (1) stated in his complaint that his grievance regarding the incident underlying his complaint was untimely because officers would not provide him with grievance forms or (2) filed any sworn statement in response to Defendants' motion to dismiss and/or for summary judgment stating that officers had prevented him from timely filing a grievance, a genuine issue of material fact would remain in this case. As the record before the Court contains no sworn statements from Plaintiff to refute Defendants' assertion in their motion for summary judgment that Plaintiff failed to exhaust his administrative remedies, however, Defendants are entitled to summary judgment on this issue.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss and/or for summary judgment [Doc. 21] will be **GRANTED** and this action will be **DISMISSED**. The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

E N T E R:

_____
**UNITED STATES DISTRICT JUDGE**