# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **CLETUS FRANKLIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No.   **3:18-cv-00221** |
| v.  ) | **REEVES/GUYTON** |
| ) | |
| **ANTHONY HILL and JOHN DOES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This is a pro se prisoner's complaint filed under 42 U.S.C. § 1983. Now before the Court is Defendant Hill's motion to dismiss for failure to state a claim and/or for summary judgment [Doc. 11]. Plaintiff has not filed a response to this motion and the time for doing so has passed [Doc. 15 (granting Plaintiff's motion for extension of time to file a response and providing Plaintiff up to and including November 1, 2018, to do so)]. As such, Plaintiff has waived any opposition thereto beyond facts alleged under penalty of perjury in his complaint. E.D. Tenn. L.R. 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd* 577 F.2d 740 (6th Cir. 1978).

For the reasons set forth below, however, Defendant Hill's motion to dismiss and/or for summary judgment [Doc. 11] will be **GRANTED in part** only to the extent that Plaintiff's claims against all Defendants in their official capacities will be **DISMISSED**. Defendant Hill's motion to dismiss and/or for summary judgment [*Id.*] will be **DENIED in part**, however, to the extent that it seeks dismissal due to failure to exhaust administrative remedies and failure to state a claim based on the taking of Plaintiff's religious books and for conspiracy.

Further, as the Court inadvertently entered a memorandum opinion [Doc. 17] with the style of this case that incorporated the filings of a separate case, that memorandum opinion [*Id.*] will be **VACATED** and the parties are therefore **DIRECTED** to disregard that memorandum opinion [Doc. 17].

## I. STANDARD OF REVIEW

### A. Exhaustion

As Defendant Hill relies on affidavits and grievance records that are not referred to in the complaint or public records to assert that Plaintiff did not exhaust his administrative remedies for his claims, the Court applies the summary judgment standard to this argument. Fed. R. Civ. P. 12(d); *Kassem v. Ocwen Loan Serv., LLC*, 704 F. App'x 429, 432 (6th Cir. 2017) (providing that "[u]nder a well-established exception to Rule 12(d), courts may consider documents attached to a Rule 12(b)(6) or 12(c) motion without converting either into a summary judgment motion if the attached materials are: (i) referred to in the plaintiff's complaint and are central to the claims or (ii) matters of public record").

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on such a motion, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (quoting *Mazur v. Young*, 507, F.3d 1013, 1016 (6th Cir. 2007)).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, a party "must set forth specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his pleading." *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

**B.  Official Capacity, Personal Involvement, and Conspiracy**

As Defendant Hill relies on the allegations of the complaint to support his assertions that Plaintiff's claims against him in his official capacity for money damages are barred, that the complaint fails to state a claim against him based on the taking of Plaintiff's Wiccan book of shadows, and that the complaint fails to state a claim for conspiracy, the Court will apply the standard for dismissal set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure to these arguments.

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In order to survive a 12(b)(6) motion, the plaintiff's complaint must allege facts which, if proved, would entitle plaintiff to relief." *Southeast Texas Inns, Inc. Prime Hosp. Corp.*, 462 F.3d 666, 671 (6th Cir. 2006). A motion to dismiss under Rule 12(b)6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990).

## II. ANALYSIS

### A. Exhaustion

The Prisoner Litigation Reform Act ("PLRA") specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, the prisoner plaintiff must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88.

In his motion for summary judgment, Defendant Hill asserts that Plaintiff did not file a grievance for the incident underlying his complaint. In support thereof, Defendant Hill attaches a number of documents, including affidavits and grievance records [Docs. 13-1, 13-2, 13-3, 13-4, 13-5, and 13-6].

While Plaintiff did not file a response to Defendant's motion for summary judgment, Plaintiff alleges in his sworn complaint that on or about July 22, 2017, he filed a grievance regarding the incidents in his complaint, but he did not receive a response to the grievance even after he inquired about the grievance to Grievance Chairman for Morgan County Correctional Complex ("MCCX"), Martin Monkhouse [Doc. 2 p. 3]. A grievance to which a prisoner does not receive a response is deemed exhausted. *Boyd v. Corrections Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) (holding that a grievance to which a prisoner did not receive a response was exhausted). Moreover, as Plaintiff signed his complaint under penalty of perjury pursuant to 28

U.S.C. § 1746, his complaint carries the same weight as an affidavit for purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

As such, Defendant Hill has not met his burden of establishing that no genuine issue of material fact remains on this issue and his motion [Doc. 11] will be **DENIED in part** to the extent that it seeks summary judgment due to failure to exhaust remedies.

### B. Official Capacity

Defendant Hill next asserts that Plaintiff's claims against him in his official capacity for monetary damages are barred. Plaintiff's claims against all Defendants in their official capacity are effectively claims against the State of Tennessee, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), and a state is not a person that may be sued under § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (stating "neither a State nor its officials acting in their official capacities are a 'person' under § 1983"). As such, all claims against Defendants in their official capacities fail to state a claim upon which relief may be granted under § 1983 and Defendant Hill's motion [Doc. 11] will be **GRANTED in part** to the extent that all of Plaintiff claims against Defendants in their official capacities will be **DISMISSED**.

### C. Personal Involvement

Defendant Hill next asserts that the complaint fails to state a claim upon which relief may be granted as to him regarding the taking of Plaintiff's religious property, as Plaintiff does not allege that Defendant Hill was personally involved in the taking. In his complaint, however, Plaintiff alleges that his Book of Shadows was in a laundry bag with his other property when he went into protective custody and that all Defendants had custody of the property until July 19, 2017, at which time Plaintiff's property was returned to him and Plaintiff found that his Book of

Shadows and other books were missing and that a Gideon Holy Bible had been placed with his property [Doc. 2 p. 3]. Plaintiff further alleges that Defendants did this in accordance with their policy of disposing of inmates' non-Christian literature and replacing it with a Holy Bible [*Id.*].

Liberally construing these allegations in favor of Plaintiff, the Court finds that Plaintiff sufficiently alleges that Defendant Hill at least implicitly authorized, approved, or acquiesced to the taking of his property in violation of Plaintiff's constitutional rights such that Defendant Hill may be personally liable for this claim under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Defendant Hill's motion [Doc. 11] will be **DENIED in part** to the extent it seeks to dismiss this claim due to insufficient allegations of his personal involvement.

### D. Conspiracy

Defendant Hill next asserts that Plaintiff's complaint fails to state a claim for conspiracy with specificity required under Tennessee law and therefore requests dismissal of this claim. Liberally construing the complaint in favor of Plaintiff, however, Plaintiff alleges that Defendant Hill conspired to and did unlawfully take Plaintiff's religious property pursuant to Defendants' custom of replacing non-Christian literature with a bible [Doc. 2 p. 3]. As such, the complaint sufficiently alleges a claim for conspiracy and Defendant Hill's motion [Doc. 11] will be **DENIED in part** to the extent it seeks to dismiss the conspiracy claim.

### III. CONCLUSION

For the reasons set forth above:

1. As the Court inadvertently entered a memorandum opinion [Doc. 17] with the style of this case that incorporated the filings of a separate case, that memorandum opinion [*Id.*] is hereby **VACATED**.

2. Defendant Hill's motion [Doc. 11] is **DENIED in part** to the extent that it seeks dismissal and/or summary judgment due to failure to exhaust remedies;

3. Defendant Hill's motion [Doc. 11] is **GRANTED in part** to the extent that all of Plaintiff claims against Defendants in their official capacities will be **DISMISSED;**

4. Defendant Hill's motion [Doc. 11] is **DENIED in part** to the extent it seeks to dismiss Plaintiff's claim regarding the taking of property due to insufficient allegations of his personal involvement;

5. Defendant Hill's motion [Doc. 11] is **DENIED in part** to the extent it seeks to dismiss the conspiracy claim; and

6. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**E N T E R:**

_____
**UNITED STATES DISTRICT JUDGE**